## Commonwealth v. Cherrington

*Howard R. Berninger,* District Attorney, for Commonwealth.

*Charles B. Pursel,* for defendant.

KREISHER, P. J., June 29, 1970.—The above-captioned defendant was indicted under section 1037 of The Vehicle Code of April 29, 1959, P. L. 58, which makes it "unlawful for any person to operate a motor vehicle . . . while under the influence of intoxicating liquor . . ."

The case is now before the court pursuant to a stipulation agreeing to a trial without a jury on the following stated facts:

"2. The defendant admits being intoxicated at the time of the arrest.

"3. The arrest took place on Saturday, February 7, 1970, in Montour Township, Columbia County, Pennsylvania, at about 3:20 A.M. The arresting officer, Trooper Golomb, while on routine patrol with Trooper Haluska, came upon a 1969 Ford convertible approximately one mile west of Bloomsburg on U. S. Route 11 parked on the roadway facing east in the right-hand west bound lane.

"The defendant was sleeping at the wheel with a cigarette in his mouth and his headlights were on. The arresting officer had trouble waking the defendant. The defendant's automobile was not running at the time of the arrest."

The parties agree that there are no appellate decisions in this Commonwealth which determine this issue. Cases in other States are not in harmony; how-

ever, the conclusions turn upon the language of their respective codes. Therefore, our conclusions must rest upon the interpretation to be given the expression "to operate."

In the case of Commonwealth v. Kallus, 212 Pa. Superior Ct. 504, defendant, admittedly intoxicated, was a passenger in a car that became stuck in a snow drift and that was partly on the highway and partly on the berm. After the operator left the car to seek help, but with the motor running with the heater on to keep the passenger warm, some motorists stopped and offered help. The passenger slid in behind the wheel, put the gears in reverse spinning the rear wheels while the help pushed at the front. A township policeman came upon the scene and even though the car remained stuck, the arrest was made and the lower court found defendant guilty. The conviction was affirmed on appeal, holding "that it is not necessary that the vehicle itself must be in motion but that it is sufficient if the operator is in actual physical control of the movements of . . . the machinery" attempting to put it in motion.

The reasoning of the court is stated as follows:

. . . "It was through no fault of his that the vehicle itself was not also in motion and had he succeeded in his efforts, the public safety, which the Act was intended to protect, could have been seriously jeopardized."

Likewise, the Adams County court adjudged an intoxicated driver guilty for steering a car with a stalled motor that was being pushed on the ground that it is not necessary that the motor be running if the vehicle itself is moving, because the driver is in actual physical control and management of the movement of the vehicle itself: Commonwealth v. Shindledecker, 10 Adams 159.

Neither of the above situations apply to the fore-

going agreed statement of facts, because in those cases defendants took affirmative action, but in the case before the court the vehicle itself remained stationary and the motor was not running.

Had defendant elected to have this case submitted to a jury, the court's instructions would have included a charge on circumstantial evidence and a definition of the statutory use of the expression "to operate."

The probative character of circumstantial evidence is well settled under Pennsylvania law. The rule requires that the chain of circumstances must be so connected as to produce a moral certainty of guilt and to exclude any other reasonable hypothesis.

It is stated under section 578, Laub, Pennsylvania Trial Guide:

. . . "In order to warrant a conviction the proofs must establish the defendant's guilt, not as being absolutely incompatible with his innocence, but at least beyond a reasonable doubt. Circumstantial evidence must so describe, picture or visualize what actually happened as to enable you to find that defendant was guilty beyond a reasonable doubt as that term has been explained to you. In other words, the circumstances which you accept as fact must be such as reasonably and naturally to justify the inference of guilt, and should be of such a volume and quality as to overcome the presumption of innocence and satisfy you of defendant's guilt beyond a reasonable doubt."

It seems reasonable and natural to conclude from the agreed statement of facts that defendant drove the vehicle to the place where it was found. The position of the vehicle upon the highway, the position of defendant in the vehicle, the time of night, the absence of any companions, all lead to but one logical conclusion in our opinion.

Now, taking up the meaning of the term "to operate," we have the general rule that words used in

a statute must be considered contextually and in light of the evil to be remedied by the legislation.

In the case of Commonwealth v. Babb, 166 Pa. Superior Ct. 63, it is stated in a footnote on page 67:

"To operate means to put into or to continue in operation or activity; to manage; to conduct; to carry out or through. . . . 'Operating' is synonymous with owning, controlling or maintaining."

The several meanings the courts have given to the terms "driving" or "operating" are considered in a number of treatises: 47 A. L. R. 2d 568. Our consideration is confined to the term "operate" and the cases in other jurisdictions which are reviewed at length in the Delaware case of State v. Pritchett, 53 Del. 583, 173 A. 2d 886, appear generally to hold that the term "to operate", when used in a statute of this kind, must be read with reference to the manifest intent and spirit of the statute and cannot be limited to the literal meaning of a single word. It must be construed as a whole and interpreted according to the sense in which the words are employed, regard being had to the plain intention of the legislature. So construed, "to operate" is not limited to a state of motion, but also includes, under the management theory, stops and parking upon the highway as they are to be fairly regarded as a necessary incident to the operation. It would seem to logically follow that the parking of a vehicle upon the highway in the dark of night was not only an operation of the vehicle, but also a very dangerous operation, management and control which is amply substantiated by the circumstantial evidence.

Confronted with the agreed statement of facts above quoted, the court is confined to those facts. Defendant has introduced no explanation or defense other than the matters discussed above, so we conclude the pre-

sumption of innocence is overcome beyond a reasonable doubt and that defendant is guilty.

## ORDER

And now, June 29, 1970, we adjudge defendant guilty and direct the district attorney to notify defendant to appear in open court for sentence.